District Court, S. D. New York.
Jan. 14, 1931.

## In re BOTH.

Patent Appeal No. 2557.

Court of Customs and Patent Appeals.
Jan. 21, 1931.

Cleon J. Sawyer and James J. Kennedy, both of New York City, for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

Appellant filed his application for a patent on an improved wall electric receptacle or outlet box. The Examiner rejected claims 20 to 36, inclusive. His decision was affirmed by the Board of Appeals, which took occasion to comment unfavorably on the multiplicity of claims filed by the applicant. The appellant, conceding that there was some merit in this comment, thereupon abandoned a part of his claims, and appealed to this court upon claims 20, 27, 29, 31, 32, 34, and 35, only. These claims we think may be properly divided into two classes, which classes are fairly illustrated by claims 29 and 34, which are as follows:

"29. A flush receptacle adapted to be mounted in an outlet box as a unit and comprising a face plate of insulating material provided with a plurality of spaced knife blade openings leading from the front face thereof, spring contacts mounted in alignment with said openings, a housing of insulating material enclosing said contacts, and conductors mounted on the housing connected to the contacts and having means for attachment of electric wires."

"34. In combination an outlet box adapted to be mounted in a wall, an electric device including a face plate of insulating material having walls extending rearwardly from the inner face thereof also of insulating material and molded in one piece with said face plate, electrical contacts mounted directly on said walls and means for securing said device to the outlet box comprising one or more screws passing through the plate to secure the device as a unit to the outlet box and having heads of insulating material exposed at the front of the plate to provide with the plate a dead front installation."

The Board of Appeals relied upon the following references in rejecting the claims: McBean, 887,496, May 12, 1908; Burton, 1,169,613, January 25, 1916; Burton, 1,365,152, January 11, 1921.

The Board was of opinion, as was the Examiner, that there was no novelty in appellant's device over the disclosure made in the references.

Appellant's device, as explained in his specifications and shown by his drawings, is an electric outlet box, adapted to be mounted in a recess in a wall in the usual manner, and to be secured to said wall by screws passing through the face plate thereof, and having a body portion containing electric terminals. The terminals in the device figured are spring contact plates, so arranged in slots or chambers in the body portion of the receptacle that, when contact blades of the ordinary standard cap are inserted into the openings containing the spring contact blades, an electrical circuit will be made.

The particular feature involved in appellant's device is the fact that the entire receptacle is molded in one piece of some insulating material except, of course, the electrical contacts, which are attached to the receptacle by screws. Because of this fact, the appellant claims three improvements in his device over the existing art, in these respects: First, that the device is safe to the operator, insuring complete insulation in every part thereof; second, that the device is much simpler in construction than any heretofore produced in the art; third, that his device is much easier to install in the wall than any device heretofore produced.

It will be observed from the claims heretofore quoted that those claims represented by claim 29 are not based upon the feature which it seems to us is the salient one in appellant's device, namely, an outlet box or receptacle consisting of but one insulated part. Claim 29, above quoted, is based upon a flush receptacle with a face plate of insulating material, and with a housing of insulating material, but can hardly be fairly interpreted to cover the feature above mentioned, namely, one molded block. It will be observed, however, that claim 34 does cover this feature in the language, "and molded in one piece with said face plate." If there be any novelty in applicant's device, it is in this particular. Claim 34 is the only claim which rests upon this feature.

We have examined the references with much care, and it is apparent that there is nothing novel in the form or make-up of appellant's device, unless it be in the molding of one unit, as we have above indicated. The references relied upon by the Board of Appeals, in our opinion, are ample justification for the rejection of all the claims herein involved, with the exception of claim 34, and, as to this claim, a present examination of the McBean and Burton references is necessary.

McBean has patented an outlet box for electrical connections, which is described in his specifications and illustrated by his drawings. As so illustrated, it is adapted for use in receptacles for electric lighting bulbs, or, in other words, is shown as a lamp socket. The fact that it is particularly adapted for use as a lamp socket in our opinion does not distinguish it from the class of electric receptacles illustrated by the appellant's device. In other words, there is not sufficient difference between an outlet box adapted for the receipt of an electric light bulb and one for the receipt of the ordinary standard two point contact, as to make a patentable difference in this case. McBean shows his device to be made of insulating material. The entire receptacle is made in several pieces, consisting of a socket portion made in the usual shape of incandescent lamp bulb sockets, and a surrounding disk portion, likewise made of insulating material. The socket and disk of the outlet box are molded separately, and are then baked together after having been treated with a wash, which baking process cements the two parts together. The device is attached to the wall by screws piercing slotted apertures in opposite sides of the disk. These screws, however, do not bear upon the insulating material, but are surrounded with soft bushings fitted into the disk portion, and which are intended to prevent breaking of the brittle insulating material by the tightening of the screws.

The Burton reference, 1,365,152, is a receptacle of the flush type to be used with sockets, switches, or other electric fittings. In this device there is a body portion containing the spring contacts made of one piece of insulating material. This body portion carries metallic lugs on each side thereof, attached by screws, which lugs are tapped, and receive screws by which the body portion is attached to the face plate. Nothing is claimed as to the material of which the face plate is composed.

The Burton reference, 1,169,613, also claims upon an electric wall receptacle. An insulating block is provided, which appears to be made in several pieces, and which is secured in assembled position by a screw. The block is made independently of the cover block or face plate, which, also, is made of insulating material.

We agree with the Board of Appeals that claims 20, 27, 29, 31, 32, and 35 were properly rejected on the references cited. We are unable, however, to agree with the Board as to claim 34. None of the references cited by either the Examiner or the Board of Appeals seems to incorporate the idea which the applicant has suggested, namely, a device consisting of one part completely insulated, to be used as an electric outlet receptacle. There is much merit in his contention that such a device will be safe, economical, and easy to install. It may be claimed that the McBean reference, inasmuch as it shows a cementing of various parts, teaches the art of making a receptacle of one piece, and that applicant's idea is rather that of a process than of a device. We are of the opinion, however, that there may be, and probably is, a clear distinction between a device made of one or more parts cemented together, and one which is made as a whole. Lektophone Corp. v. Rola Co., 51 S. Ct. 93, 75 L. Ed. ——, decided December 8, 1930. Certainly, no one else, so far as the references disclose, has suggested this idea. Even if it were conceded unitary molded block is an improvement in the art over McBean, the appellant is entitled to the benefit of the doubt and, under the rule, should have his patent. In re Coley, 40 F. (2d) 982, 17 C. C. P. A. 1174, and cases therein cited. The decision of the Board of Appeals is affirmed as to all claims except claim 34, and, as to this claim, it is reversed. that there is doubt as to whether appellant's